OPINION
{¶ 1} Plaintiff-appellant Stock Building Supply, Inc. (Stock) appeals from a summary judgment rendered against it on its claim against National City Mortgage for damages arising from National City's failure to obtain a release of Stock's materialman's lien prior to disbursing certain construction funds. Stock contends that the trial court erred in rendering summary judgment against it because it demonstrated that it properly served National City with notice of its lien and that National City disregarded that notice.
 {¶ 2} We conclude that the trial court did not err in rendering summary judgment against Stock. The record establishes that Stock cannot maintain its action, because the record is devoid of any evidence that the notice was received by National City. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Stock is a supplier of construction materials to contractors and to the general public. Stock entered into a credit account with Southern Ohio Building Design Group (Southern Ohio) to provide Southern Ohio with construction materials for a home that Southern Ohio was constructing for Marlin Sutton. National City Mortgage (National City) provided the financing for the Sutton home. Stock provided construction materials for the Sutton home to Southern Ohio and debited its account accordingly. Southern Ohio failed to tender timely payment on the account.
 {¶ 4} Stock alleges that as a result of Southern Ohio's failure to make timely payment, it executed a written certificate of materialman's lien on the Marlin Sutton home. Stock alleges that it also executed a lien against the Ray Sutton home, also stemming from a debt owed it by Southern Ohio. Stock alleges that it transmitted both certificates to National City via facsimile on May 20, 2003. Thereafter, National City disbursed certain loan funds to Southern Ohio for the Marlin Sutton home without first obtaining a lien release from Stock. National City contends that it never received a copy of the lien notice.
 {¶ 5} Stock filed suit against National City, contending that National City negligently disbursed the construction loan proceeds without first obtaining a release of the materialman's lien. Both Stock and National City filed motions for summary judgment. The trial court rendered summary judgment in favor of National City upon a finding that Stock failed to provide National City with appropriate notice of the lien. From this judgment, Stock now appeals.
 II {¶ 6} Stock's First and Second Assignments of Error provide as follows:
 {¶ 7} "The trial court erred in awarding summary judgment to appellee.
 {¶ 8} "The trial court erred in denying summary judgment to appellant."
 {¶ 9} In both of its Assignments of Error, Stock contends that the trial court erred in rendering judgment in favor of National City. In support, Stock argues that the evidence demonstrates no genuine issue of material fact with regard to whether it provided proper notice of its lien to National City, and that it is therefore entitled to judgment in its favor.
 {¶ 10} Our review of the appropriateness of summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. Zivich v. MentorSoccer Club, Inc., 82 Ohio St.3d 367, 369-370, 1998-Ohio-389.
 {¶ 11} R.C. 1311.011(B) governs the payment of monies to a general contractor by a lending institution financing a construction project. That statute provides in pertinent part:
 {¶ 12} "B) Notwithstanding sections 1311.02 to 1311.22 of the Revised Code, all liens, except mortgage liens, that secure payment for labor or work performed or materials furnished in connection with a home construction contract or in connection with a dwelling or residential unit of condominium property, that is the subject of a home purchase contract are subject to the following conditions:
 {¶ 13} "* * *
 {¶ 14} "(4) No lending institution shall make any payment to any original contractor until the original contractor has given the lending institution the original contractor's affidavit stating:
 {¶ 15} "(a) That the original contractor has paid in full for all labor and work performed and for all materials furnished by the original contractor and all subcontractors, materialmen, and laborers prior to the date of the closing of the purchase or during and prior to the payment period, except such unpaid claims as the original contractor specifically sets forth and identifies both by claimant and by amount claimed;
 {¶ 16} "(b) That no claims exist other than those claims set forth and identified in the affidavit required by division (B)(4) of this section.
 {¶ 17} "(5) When making any payment under the home construction contract or on behalf of the owner or part owner under a home purchase contract, the lending institution may accept the affidavit of the original contractor required by division (B)(4) of this section and act in reliance upon it, unless it appears to be fraudulent on its face. The lending institution is not financially liable to the owner, part owner, purchaser, lessee, or any other person for any payments, except for gross negligence or fraud committed by the lending institution in making any payment to the original contractor.
 {¶ 18} After receipt of a written notice of a claim of a right to a mechanic's lien by a lending institution, failure of the lending institution to obtain a lien release from the subcontractor, materialman, or laborer who serves notice of such claim is prima-facie evidence of gross negligence."
 {¶ 19} Service of these liens is governed by R.C. 1311.19(A), which provides in relevant part as follows:
 {¶ 20} "* * * any notice, affidavit, or other document required to be served under this chapter shall be served by one of the following means:
 {¶ 21} "(1) The sheriff of the county in which the person to be served resides or maintains the person's principal place of business, in one or more of the methods provided in the Ohio Rules of Civil Procedure. The sheriff may charge reasonable fees for such service.
 {¶ 22} "(2) Certified or registered mail, overnight delivery service, hand delivery, or any other method which includes a written evidence of receipt;
 {¶ 23} "(3) The means provided in division (H) of section1701.07 of the Revised Code, if the person is a corporation [service upon the corporation's agent]."
 {¶ 24} In this case, Stock argues that it provided evidence that it sent notice of its lien by facsimile transmission to National City. Specifically, Stock provided the affidavit of its credit manager, who averred that she sent, via facsimile transmission, certificates of liens on both Marlin Sutton's home as well as Ray Sutton's home. Stock attached to its manager's affidavit copies of its "Certificate of Materialmen" with regard to both residences, as well as a copy of its facsimile confirmation sheet. Stock contends that this confirmation sheet constitutes evidence of receipt of its written notice of lien.
 {¶ 25} Stock contends that the trial court inappropriately discounted this affidavit testimony. Stock argues that this affidavit, along with its physical evidence, is sufficient to support its claim.
 {¶ 26} Stock also cites Erb Lumber Co., Inc. v. CitizensFederal Bank (Mar. 13, 1997), Montgomery C.P. No. 96-1038, for the proposition that a facsimile transmission journal indicating that the recipient has received the transmission satisfies the service requirement of R.C. 1311.19(A)(2), which permits service by "any other method which includes written evidence of receipt."
 {¶ 27} From our review of this record, we find the following. Stock prepared a one-page certificate of materialmen's liens with regard to the Ray Sutton home and a one-page certificate with regard to the Marlin Sutton home. The evidence indicates that the lien notice regarding the Ray Sutton home was sent via facsimile transmission. However, although the confirmation sheet indicates that two sheets were transmitted, there is no evidence, other than the credit manager's affidavit, to indicate that the notice regarding the Marlin Sutton home was sent.
 {¶ 28} More importantly, nothing in this record indicates that either notice was, in fact, received by National City. The confirmation sheet merely indicates that a two-page facsimile was sent; it does not indicate that the facsimile transmission was received by its intended recipient. Likewise, the credit manager's affidavit does not support a finding that the facsimile was actually received.
 {¶ 29} As distinguished from Erb, in this case there is no physical evidence, or indeed any evidence, to support a finding that National City received any facsimile transmission regarding the lien. National City, unlike the lender in Erb, has not admitted that it actually received the notice. Therefore, we findErb to be distinguishable.
 {¶ 30} In the case before us, there is no evidence of any written notice of receipt, as required by the statute. Without evidence of appropriate statutory service, Stock's arguments fail.
 {¶ 31} The First and Second Assignments of Error are overruled.
 III {¶ 32} Both of Stock's assignments of error having been overruled, the judgment of the trial court is affirmed.
Wolff and Young, JJ., concur.